## Commonwealth of Pennsylvania v. R. A. Balph et al.

The supreme court having, by certiorari, removed a criminal cause from a court of quarter sessions of one county of the commonwealth, before trial, upon application of the district attorney of said county, sent the record to the court of quarter sessions of another county, with instructions to proceed to try the indictment in all respects as if the same had been originally in the latter court.

(Decided April 12, 1886.)

Motion for an order for trial of the criminal cause removed by certiorari from the Court of Quarter Sessions of Warren County, before trial, to the Supreme Court. Granted.

An indictment was found against the defendants in the court of quarter sessions of Warren county. A rule to show cause was granted, which was afterwards made absolute. 1 Central Reporter, 663.

The district attorney of Warren county then made the above application.

*William Swanson*, District Attorney, *A. B. Force, S. P. Johnson, A. B. Richmond,* and *J. M. Stoner* for commonwealth.

*D. T. Watson, Ball & Thompson, John Dalzell,* and *W. C. Moreland* for defendant.

PER CURIAM:

And now, April 12, 1886, the indictment and proceedings in

NOTE.—The decree in this case follows the making absolute of a rule to show cause why a certiorari to remove proceedings from a lower court should not be granted, as reported in Com. v. Balph, 111 Pa. 365, 3 Atl. 220. As the full supplemental decree, and the dissenting opinion, is not printed therein, it is given here.

Indictments may be removed to the supreme court for trial upon cause shown, or be transferred, at its direction, to other counties. Com. v. Balph, 111 Pa. 365, 3 Atl. 220; Com. v. Delamater, 145 Pa. 210, 22 Atl. 1098; Com. v. Smith, 185 Pa. 553, 40 Atl. 73; Quay's Petition, 189 Pa. 517, 42 Atl. 199.

the above case having been brought up upon the writ of certiorari upon the application of the district attorney of the county of Warren, and of the counsel of the defendants, it is ordered:

First. That the said indictment and record of proceedings be sent down to the court of quarter sessions of Lycoming county with instructions to proceed to try the said indictment in all respects as if the same had been originally found in said court, at the next September sessions thereof, unless upon legal cause shown said trial shall be continued to another term of said court; said trial to be at the expense of the county of Warren.

Second. That the said defendants and each of them shall appear for trial in said court of quarter sessions of Lycoming county on the first day of the September sessions thereof, being the 6th day of September next, and at such other time or times as said court for cause shown may continue the same, and shall further abide the order of said court in the premises.

Third. It is further ordered that the prothonotary of this court make two copies of this order duly certified under the seal of this court, and transmit one copy thereof to the clerk of the court of quarter sessions of the county of Warren, and the other copy with the said indictment and record to the clerk of the quarter sessions of the county of Lycoming.

Mr. Justice Trunkey, dissenting:

I can hardly imagine a case where I would not concur in enforcing the execution of a judgment while it stands, although I had dissented from the judgment itself. To avoid the appearance of dissenting from proper action to enforce a judgment I shall briefly state why I do not concur in this order.

There is no difference of opinion respecting the extent of the original jurisdiction of the supreme court prior to the adoption of the Constitution of 1874. It is agreed "that the original jurisdiction of the court, excepting in the excepted cases, is abolished;" that the court of *nisi prius* is abolished; that the judges of this court are *ex officio* judges of the courts of oyer and terminer in every county in the state; and that one or more judges of this court may hold the court of oyer and terminer.

The petition prayed that, upon the return of the writ, this court will proceed to the trial, decision, and determination of the case. Of course it is impossible to grant this specific prayer, for the case is not one of the excepted cases, and therefore is

only within the appellate jurisdiction of this court. Following the specific prayer is a prayer "for such other and further relief as to your honors shall seem meet and the circumstances may require."

At the argument, the able and astute counsel for defendants urged that the statutes defining the original jurisdiction of the supreme court, clothing it with the powers of the court of King's Bench, are still in force notwithstanding the Constitution of 1874; and that in the exercise of such powers this court, by certiorari, may bring in criminal cases for trial and try them in any county in the state; but it was not contended or pretended that this court would, or legally could, send criminal causes from one county to another to be tried in the courts of quarter sessions, or in the courts of oyer and terminer when held by the judges of the courts of common pleas. Such an exercise of power is without precedent, and to that I dissent; not to the holding of courts of oyer and terminer by judges of this court whenever and wherever it may be deemed advisable.

When the supreme court had original jurisdiction it could try criminal cases in any county in the state, and then it could be said that there was no change of venue; that a change of venue was out of the question; and that only the place of trial was changed, for the whole state was within the jurisdiction of the court. But with all its powers it never transferred a case from the court of quarter sessions in one county to the court of quarter sessions in another county for trial. Then the cases were brought within its jurisdiction for the professed purpose of trial by itself, not for a mere change of venue.

The petitioners aver "that no relief is afforded them by the terms and provisions of any existing acts of assembly; there being no provision made, as they are advised, for a change of venue in cases like the present, which is a misdemeanor only, not a felony."

To bring up a criminal case by certiorari from one county and send it to another for trial, whatever the form of the procedure and order, I regard as a single change of venue. To me it seems violating § 23 of article III of the Constitution: "The power to change the venue in civil and criminal cases shall be vested in the courts, to be exercised in such manner as shall be provided by law." The legislature has not imposed

on this court the power to change the venue in civil or criminal cases.

Mr. Justice Gordon and Mr. Justice Clark concur in this dissent.